# NENNY AND WHITE ET AL V. A. H. SCHLUTER AND CO

## IN SUPREME COURT, TYLER TERM, 1884.

*Intervention—Subsequent Attaching Creditor.*—In order to entitle a subsequent attaching creditor to intervene and defeat the older attachment, he must show that it is based upon a fraudulent demand, or one which has, in fact, no existence ; and he must show further that it is necessary to protect his own interest in the property.

*Case—Approved.*—Joseph Peters' Furniture Co. v. Dickey. See "Texas Law Reporter," No. 7, page 388.

*Intervention.*—See this opinion for a bill of intervention by a subsequent attaching creditor held bad on demurrer.

Appeal from Marion county.

### STATEMENT

February 12, 1884, appellees instituted suit by attachment in the district court of Marion county, against John French & Son, upon a debt evidenced by a note, not then due, for $994.38 and an account for $73.78. A writ of attachment was issued and on the same day levied on property of French & Son.

February 15, 1884, suits were instituted in the same court by appellants against John French & Son as follows : By Nenny & White for $1,553 ; by Moore & Murchison for $1,662, and by J. M. Wilcox for $215.74. In each of which suits a writ of attachment was sued out and levied upon the same property (among other things) upon which Schluter & Co's. writ had been levied.

May 16, 1884, the same being the appearance day of the term to which the said several suits were brought, French & Son filed their answer to the suit of appellees. A. H. Schluter & Co., moving to quash the attachment, demurring to the petition and pleadings in reconvention for damages for the wrongful and malicious suing out of the attachment in the case.

On the same day leave was granted appellants, Nenny & White, Moore & Murchison and J. M. Wilcox, to intervene in said suit, and they then and there filed a joint plea in intervention.

June 17, French & Son filed their first amended answer to said suit, setting up, in addition to the defenses of their original answer,

the payment to plaintiffs, Schluter & Co., of the sum of five hundred dollars, and pleading the same as a set off.

On the same day a paper with the signature of the defendants subscribed was filed with the papers of the case by plaintiffs, Schluter & Co., which paper confessed the justness of plaintiffs' debt, declared the answer filed on the sixteenth of May to have been so filed by mistake, and that they did not wish to interpose any defense to the suit.

On the same day leave was granted the intervenors—appellants herein to file an amended plea of intervention, which amended plea was filed on June 18, 1884. To this amended plea of intervention plaintiffs, Schluter & Co., filed a general demurrer and motion to strike out, as well as special exceptions.

June 18 the court sustained the general demurrer of plaintiffs to the intervention of appellants, and rendered judgment against them for the costs of the intervention, at the same time rendering judgment in favor of Schluter & Co. against John French & Son for the full amount of the debt claimed with a foreclosure of plaintiffs' attachment lien, and ordering the payment of proceeds of property levied upon to plaintiffs, Schluter & Co., in satisfaction of said judgment. From this judgment, and the order overruling a motion for new trial, intervenors appealed.

## OPINION.

That a subsequent attaching creditor can intervene in a suit wherein a junior attachment has been issued and levied, for the purpose of protecting his interests in the property seized under both attachments, was decided a few days since in the case of Joseph Peters Furniture Company et al v. Dickey. This right to intervene, however, can be exercised for certain purposes only, and under a proper state of facts, which should be set forth in the intervenor's petition. He cannot make himself a party for the purpose of defeating the attachments for irregularities in the proceedings ; but if he can show that the other attachment is based upon a fraudulent demand, or one which has, in fact, no existance, he may attack the lien secured by it on that ground to protect his interests in the property. (Sayles' New Treatise, sec. 606, and authorities there cited.)

In so far, therefore, as the bill of intervention sought to quash the attachment it was unauthorized, and the special demurrer setting up this objection to it was properly sustained.

It was also made a ground of demurrer that the bill does not show facts sufficient to constitute fraud such as to authorize the intervention. If this be so, the intervention was properly dismissed, the appellants having declined to amend after the demurrer was sustained. The averments as to fraud are, in brief, as follows : That the debt of plaintiff sued on was placed at $500 more than was justly due upon it ; that this $500 was secured along with the other debts in a deed of trust upon a portion of the same property levied on under the attachment ; that the property mentioned in this deed was more than sufficient to pay all the costs secured by it, and that before bringing their suits the intervenors had been led to believe from statements of the plaintiffs that the $500 being secured by the deed, would be deducted from the claim sued on. It was further alleged that the property mentioned in the deed had been sold during the pendency of the suit, and had brought less by reason of the deed of trust being on record at the time, and the impression thereby created that the deed secured the said $500 in addition to the other sums specified in it, thus rendering the equity of redemption less valuable to that extent. The bill also charged collusion between one Bemish and the plaintiffs to prevent competition at the sale of property, by which Bemish was enabled to buy it for $500 less than it otherwise would have brought, and at a sum previously agreed on between himself and the plaintiffs. Collusion between plaintiffs and defendants is also alleged, which resulted in the withdrawal of the answer so as to facilitate a judgment for Schluter & Co. for the full amount claimed in their petition. It is difficult to see from these allegations any fraud, likely to benefit the plaintiffs or defendants at the expense of the intervenors.

A sale of the equity of redemption for $500 less than it should have brought did not necessarily benefit Schluter & Co., for the purchaser was bound to pay them so much only as was justly due upon their deed to free the property from its lien. It would seem, too, that it was to their interest that the property should bring as much as possible in order to pay their debt, as there were three attachments upon it to be satisfied before the plaintiffs could receive any portion of the proceeds. It was certainly to the interest of the de-

fendants that their property should sell as high as possible at a sale made for the payment of their debts.

The Bemish transaction seems to have had no other object than to benefit Bemish alone, neither plaintiff nor defendants apparently profiting by it.

But if it need not necessarily appear in such case that the parties to the fraud will profit by their conduct, it should certainly be shown that the interest of the parties complaining in the attached property had suffered or was likely to do so from the fraudulent transaction. They were allowed to intervene for the sole purpose of protecting that interest, and unless that interest was jeopardized, they were improperly in the case. But it is not averred that the enforcement of the attachment for the $500-claim, or that the small price for which the property sold would deprive the intervenors, of any benefit they would otherwise derive from their attachment. It is not said that if the claim is reduced $500 the amount secured by the attachments of intervenors will be any more, nor that this would have been the effect of a sale of the property for its full value.

They do not seem to fear that any loss will accrue to them from the decreased price, at which the property was sold, and the only allusion in reference to the other matter is that if either the whole or any part of the plaintiffs' debt is satisfied, there will be no property liable to execution out of which the intervenors' debt can be made. It would seem from this that the intervenors would suffer the same damage whether their attachment had been levied on the property or not, or whether the whole debt of plaintiffs, including the $500, or a part of it, deducting that amount, should be foreclosed upon the attached property. It might be inferred in some cases that the decrees in the amount to be paid under a prior attachment would increase the amount received under a subsequent one ; but such fact should be the subject of averment and not of inference. They certainly will not be inferred where the damage to the complaining party is alleged to be of a different character.

We do not think that the bill of intervention shows any prejudice to the interest of the intervenors in the attached property arising from the alleged fraudulent conduct of the other parties to the suit,

and hence they were not authorized to intervene for the protection of such interests.

The court did not err in sustaining the demurrer to their bill, and as they did not ask to amend, the bill was properly dismissed.

The judgment is affirmed. Willie, C. J.